## CHRISTIAN STUEBBEN v. JOSEPH W. GRANGER.

*Parol agreement—Merger in written contract.*

Complainant, a tenant of defendant, filed· a bill to enforce the performance of an alleged *oral* agreement to extend his lease for three years, which was denied by the defendant. Complainant's testimony showed that, about a year after the making of the alleged agreement for an extension, he entered into a written lease with defendant, for one year, of the same premises, *without* reserving any rights under the *oral* agreement.

    *Held*, that the *parol* agreement, if one was made, was *merged* in and *extinguished* by the *written* one.

Appeal from Wayne. (Chambers, J.) Argued October 7 and 8, 1886. Decided October 21, 1886.

Bill to enforce the performance of an oral agreement for a lease. Bill dismissed. Complainant appeals. Affirmed. The facts are stated in the opinion.

*James H. Pound,* for complainant.

*Ed. E. Kane,* for defendant:

Where a contract is reduced to writing, all previous parol

agreements regarding the same matter are merged in and extinguished by the written one: *Street v. Dow*, Har. Ch. 427–8; *Adair v. Adair*, 5 Mich. 210; *Savercool v. Farwell*, 17 Id. 319; *Martin v. Hamlin*, 18 Id. 364.

MORSE, J. The bill in this case is filed for the specific performance of what is claimed to be a partially performed contract for a lease.

The bill avers that in January, 1877, the complainant received a lease of a small farm of about twelve acres, in the town of Greenfield, Wayne county. The lease was executed by Joseph Granger, father of the defendant, and was for a term of five years.

Joseph Granger died in February, 1880, and the farm became vested in the defendant.

Complainant alleges that during the existence of such lease, and a short time before the death of said Granger, there was talk between him and complainant about the advisability of planting a crop of willows (osier) on the land. Complainant told Granger that, as his lease had but two years to run, it would not pay him to plant the willows, unless he had an extension of the lease, as it would take a year or two from the planting to realize a crop from said willows. Thereupon the said Granger agreed to extend the lease for an additional period of three years, and such extension was indorsed upon the lease, and signed by both parties, in the presence of witnesses.

Complainant further shows in his bill that the defendant, Joseph W. Granger, in March, 1883, being desirous of making a fruit orchard and vineyard of the premises, asked the complainant for the privilege of putting and caring for some fruit trees, currant bushes, and grape-vines upon the land. The complainant said to defendant that the willows had only just begun to pay him, and that, if defendant would renew the lease to February, 1888, he was willing Granger should plant the trees and vines, and that he would keep the weeds

away from them for half the fruit. Granger accepted the proposition, and was allowed to plant, and did plant, in pursuance of such agreement, several hundred vines and about one hundred small fruit trees upon the premises.

Complainant further asserts that defendant refused to fulfill his promise to extend the lease, but on the twenty-ninth day of March, 1884, the complainant and defendant entered into a new lease of the land for one year from February, 1885, thus extending the term of the old lease for one year; that complainant, being a foreigner and ignorant of law, took this new lease because it was the best he could do, and, waiving no rights, to save himself from immediate trouble; that the defendant now threatens to dispossess him of the premises February 1, 1886, and absolutely refuses to execute the lease to February, 1888, as he promised to do. December 17, 1885, complainant caused to be presented to said defendant a lease drawn in accordance with the said agreement, but he refused to sign the same.

Complainant therefore prays that defendant may be compelled to execute such lease, and asks an injunction restraining him from interfering with complainant's possession. The bill was filed December 17, 1885.

Defendant answered, denying any agreement to extend the lease, as claimed by complainant, and averring that he never asked for any lease except the one for one year. He alleges that the fruit trees and grape-vines were planted with the permission of complainant, and that the only agreement was that he should have half the fruit for taking care of them.

The bill was dismissed in the court below.

Without determining the truth between the conflicting statements of the parties, as to whether or not any agreement was ever made to extend the lease for three years, we think the complainant fails to make a case for relief by his own testimony. The agreement, if any was ever made, to renew the lease until 1888, was entered into a year before the taking

of the one-year lease. At the time this lease was executed complainant testifies that defendant absolutely refused to give him any other, and that he accepted it. No new promise is claimed to have since been made, but complainant complains of the constant refusal ever since of the defendant to enlarge the term of his tenancy. It appears satisfactorily from the evidence that this contract for the one-year lease ended all oral talks and agreements before that time, and that when it was executed both parties understood that the end of such new lease would terminate the tenancy.

The previous agreement in parol, if there was one, was merged in and extinguished by the written one.

The nativity of the complainant, or his ignorance of the law, cannot alter his contract as made; and there is no evidence that he entered into the same reserving and saving his rights under the oral agreement.

There are other serious objections to granting the relief prayed for in complainant's bill, but, inasmuch as the contract relied upon has been extinguished by his own act, it is not necessary to point them out.

The decree below will be affirmed, with costs.

The other Justices concurred.